IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**COURTNEY MANGO,**

        **Plaintiff,**

  v.

**CITY OF COLUMBUS,** *et al.***,**

        **Defendants.**

**JANINNY DASILVA,**

        **Plaintiff,**

  v.

**CITY OF COLUMBUS,** *et al.***,**

        **Defendants.**

:

:

:

Case Nos. 2:19-cv-3120, 2:19-cv-5282
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Intervenor Ohio Mutual Insurance Company seeks a judgment that it is no longer required to defend Defendants Shane and Maria Mauger or to indemnify them should the need arise. (ECF No. 139.)[1] The Maugers oppose and seek a

---

[1] Unless otherwise noted, all docket references are to the Mango case, number 19cv-3120.

1

declaration that Ohio Mutual must continue to defend them. (ECF Nos. 142, 145. [2])
Briefing is complete. (ECF Nos. 149, 150.) For the reasons that follow, the Court
**DENIES** Ohio Mutual's Motion (ECF No. 139) and **GRANTS** the Maugers' Motion
(ECF Nos. 142, 145).

## I. OVERVIEW

A protracted custody dispute forms the basis of Courtney Mango's claims against all defendants. A thorough recitation of the background is set forth in the Court's September 3, 2020 Opinion and Order ("Order") and is incorporated herein by reference. (ECF No. 48)

The Maugers were insured under a personal liability insurance policy ("Policy") issued by Ohio Mutual during the relevant time period. Pursuant to the Policy, Ohio Mutual, under a complete reservation of rights, sought dismissal of all of Mango's claims against the Maugers. (ECF No. 34, ¶ 4; ECF No. 7.) Ohio Mutual's Fed. R. Civ. P. 12(c) Motion for Judgment on the Pleadings (ECF No. 76) resulted in the dismissal of all but two claims against the Maugers for conspiracy under 42 U.S.C. § 1985 and for conspiracy under state law. (ECF No. 113, PageID 1267.)

Ohio Mutual now seeks a declaration that the Policy and associated endorsements do not cover those remaining claims because Mango only seeks emotional damages and because Mango alleges the Maugers' actions were

---

[2] These documents are identical to each other and to ECF No. 73 in the DaSilva case, 19cv-5282. ECF No. 73 in DaSilva pertains only to Mango's claims; it was therefore improperly filed in that matter and is hereby denied as **MOOT**.

intentional. (ECF No. 139.) Ohio Mutual additionally asks for an order stating it has no duty to indemnify the Maugers should a judgment be entered against them in this case. *Id.* The Maugers oppose, and move for judgment in their favor on the issue of Ohio Mutual's duty to defend. (ECF Nos. 142, 150.)

## II.   STANDARD OF REVIEW

Both sides proceed under Fed. R. Civ. P. 56. Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of establishing there are no genuine issues of material fact, which may be achieved by demonstrating the nonmoving party lacks evidence to support an essential element of its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388-89 (6th Cir.1993). The burden then shifts to the nonmoving party to "'set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (quoting Fed. R. Civ. P. 56). When evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970).

A genuine issue exists if the nonmoving party can present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir.

1993). In other words, "summary judgment will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; accord *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (concluding that summary judgment is appropriate when the evidence could not lead the trier of fact to find for the non-moving party).

### III.   DISCUSSION

Ohio Mutual first argues it has no duty to defend the conspiracy counts because they are not covered by the Policy. Ohio Mutual next argues it has no duty to indemnify because it has no duty to defend. Sixth Circuit precedent mandates denial of the duty to defend request while ripeness concerns negate Ohio Mutual's arguments on its the duty to indemnify.

#### A. Duty to Defend

The threshold issue is whether, in light of the Court's non-final Order dismissing most of the claims against the Maugers, Ohio Mutual is required to defend the conspiracy counts to the conclusion of the case regardless of whether the Policy covers those claims.

In *City of Sandusky v. Coregis Ins. Co.*, 192 F. App'x 355, 357 (6th Cir. 2006), the Sixth Circuit addressed the question of "whether an insurer has a duty to defend [uncovered claims] when the covered claims have been dismissed in a non-final order . . . ." under Ohio law. Answering that query in the affirmative, the appeals court turned first to the policy's language to determine when the policy's

4

coverage terminated. Finding the language ambiguous, the Sixth Circuit directed that "[b]ecause the insurer is the party that drafts the contract, any exclusions from coverage or limitation of duties must be clear and exact, and the insurer bears the burden of showing that an exclusion applies." *Id.* at 361. With that direction, the court applied Ohio law to conclude:

> The language in the contract providing [the insurer] with the right to undertake the defense of an action could have provided that it had the right to withdraw its defense before a final judgment was entered or an appeal pursued. It did not, and in the absence of such language it was the reasonable expectation of the insured that [the insurer] would maintain its defense at least through a *final judgment*. While we are sympathetic to [the insurer's] argument that this holding results in a windfall for insureds because it forces insurers to provide a defense to claims plainly not covered by the insurance contract, Ohio law is clear that an insurer must precisely define the scope of its defense if it expects to defend on the ground that its duty was extinguished.

*Id.* at 362 (emphasis added).

In this case, the Policy language cited by Ohio Mutual does not give it the right to withdraw its defense until "when our limit of liability for the occurrence has been exhausted by payment of a judgment or settlement." (ECF No. 139-2, PageID 1664, 1679.[3]) Ohio Mutual does not point to any other language in the Policy that would allow it to stop defending the Maugers under the present circumstances. As the party wishing to repudiate the duty to defend, Ohio Mutual had the "duty" to "set forth the conditions for the repudiation plainly in the insurance contract — not

---

[3] The Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in: (a) 'bodily injury'; or (b) 'property damage.'" (ECF No. 139-2, PageID 1653.)

5

rely upon the assumption that if an interlocutory order dismisses insurable claims before final judgment, that they can cease defending." *Abercrombie & Fitch, Co.*, 2014 U.S. Dist. LEXIS 140040, at *13.

Ohio Mutual focuses instead on the "final judgment" aspect of *City of Sandusky's* holding to argue that the Court's Rule 12(c) Order is "final." (ECF No. 149.) Citing to caselaw from the Seventh Circuit Court of Appeals, Ohio Mutual asserts the Order is final because it "unequivocally signals that the judgments in favor of Shane and Maria Mauger as to [the covered claims] is with prejudice and could not be cured by amendment." (ECF No. 149, PageID 1796.)

Ohio Mutual's argument fails for two reasons.  First, "once an insurer must defend one claim within a complaint, it must defend the insured on all the other claims within the complaint, even if they bear no relation to the policy coverage." *Abercrombie & Fitch, Co. v. ACE European Grp. Ltd.*, No. 2:11-cv-1114, 2014 U.S. Dist. LEXIS 140040, at *10 (S.D. Ohio Sep. 30, 2014) (Smith, J.), aff'd by *Ace European Grp., Ltd. v. Abercrombie & Fitch Co.*, 621 Fed. Appx. 338 (6th Cir. 2015) (citing *Preferred Mut. Ins. Co. v. Thompson*, 23 Ohio St. 3d 78, 23 Ohio B. 208, 491 N.E.2d 688, 690 (Ohio 1986)).  Second, the Order was not a final judgment. *JP Morgan Chase Bank, N.A. v. First Am. Title Ins. Co.*, 725 F. Supp. 2d 619, 624 (E.D. Mich. 2010) (order partially granting Rule 12(c) motion was not a final order); *see also Bailey v. Verso Corp.*, No. 3:17-cv-332, 2019 U.S. Dist. LEXIS 25084, at *2 (S.D. Ohio Feb. 15, 2019) (Newman, M.J.) (order partially granting Rule 12(c) motion is not final).

6

For these reasons, Ohio Mutual's Motion for Summary Judgment on the coverage issue is **DENIED** (ECF No. 139) and the Maugers' Motion for Summary Judgment as to coverage is **GRANTED**. (ECF No. 142.) Ohio Mutual's duty to defend persists.

### B. Duty to Indemnify

An insurer's duty to defend is broader than its duty to indemnify. *Granger v. Auto-Owners Ins.*, 144 Ohio St. 3d 57, 2015- Ohio 3279, 40 N.E.3d 1110, 1115 (Ohio 2015). And "once a duty to defend is recognized, speculation about the insurer's ultimate obligation to indemnify is premature until facts excluding coverage are revealed during the defense of the litigation and the insurer timely reserves its rights to deny such coverage." *Erie Ins. Exch. v. Colony Dev. Corp.*, 136 Ohio App. 3d 406, 413, 736 N.E.2d 941, 946 (1999). Thus, because Ohio Mutual has a duty to continue to defend the conspiracy counts, the Court **DENIES** Ohio Mutual's Motion for Summary Judgment on its duty to indemnify. (ECF No. 139.)

### IV. CONCLUSION

Ohio Mutual's Motion for Summary Judgment (ECF No. 139) is **DENIED**.

The Maugers' Motion for Summary Judgment on Ohio Mutual's duty to defend (ECF Nos. 142, 145) is **GRANTED**.

The Maugers' Motion for Summary Judgment (ECF No. 73) in DaSilva, 19cv-5282, is denied as **MOOT**.

**IT IS SO ORDERED**.

                                                <u>s/ Sarah D. Morrison</u>
                                                **SARAH D. MORRISON**
                                                **UNITED STATES DISTRICT JUDGE**