# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**COURTNEY MANGO,**

    **Plaintiff,**

 v.

**CITY OF COLUMBUS,** *et al.*,

    **Defendants.**

**JANNINY DASILVA,**

    **Plaintiff,**

 v.

**CITY OF COLUMBUS,** *et al.*,

    **Defendants.**

:

:

**Case Nos. 2:19-cv-3120, 2:19-cv-5282**
**Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

On September 30, 2022, the Court issued an Opinion and Order in the above referenced cases granting parts of several summary judgment motions. (ECF No. 213.[1]) In that O&O, the Court ordered the City to file a dispositive motion as to

---

[1] Pursuant to the Court's May 27, 2020 Order, all filings were filed in 19-cv-3120 only. (ECF No. 87.) Therefore, all citations are to that case unless otherwise noted.

Courtney's and Janniny's claims brought pursuant to 42 U.S.C. § 1985. (*Id.* PageID 9316.) Pursuant to the O&O, the City of Columbus filed a Motion for Summary Judgment. (ECF No. 214.) The City's Motion is now fully briefed and ripe for decision. (ECF Nos. 215, 216.)

### I. BACKGROUND

The background and facts underlying Plaintiffs' claims are fully set out in the O&O and will not repeated here. (*See* ECF No. 213, PageID 9293–302.)

### II. THE CITY OF COLUMBUS IS ENTITLED TO JUDGMENT ON THE § 1985 CLAIMS.

As previously discussed by this Court, the Amended Complaints make no explicit reference to § 1985, but the Court construed the pleadings to assert such a cause of action against the City, Michael, Shane, and Maria for Courtney and against the City for Janniny. (ECF No. 113, PageID 1263 n. 8; ECF No. 213, PageID 9314.) The Court subsequently granted summary judgment to Michael, Shane, and Maria, leaving the City as the only remaining Defendant on the § 1985 claims. (ECF No. 213, PageID 9314, 9316.)

Section 1985 has three subsections. Subsection (1) prevents conspiracies from interfering with a federal officer in performing her duties. The first clause of subsection (2) prohibits conspiracies from influencing parties, witnesses, or jurors in federal court proceedings. The second clause of subsection (2) prohibits conspiracies from interfering with due process in states courts with the intent to deprive persons of their equal protection rights. Subsection (3) prohibits conspiracies from depriving persons of their equal protection rights. Under the second clause of subsection

2

(2) and subsection (3), a plaintiff must allege that there was "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Kush v. Rutledge,* 460 U.S. 719, 726 (1983); *Fox v. Michigan State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006) (quoting *Kush*); *see also Collyer v. Darling,* 98 F.3d 211, 233 (6th Cir. 1996).

Courtney and Janniny do not specify under which provisions of § 1985 they pursue relief (*see* Case No. 2:19-cv-3120, ECF Nos. 59, 215; Case No. 2:19-cv-5282, ECF No. 8), but subsection (1) and the first clause of subsection (2) do not apply. Plaintiffs do argue that the purpose of the conspiracy was to obstruct the course of justice in the State of Ohio and to deprive them of equal protection or equal privileges and immunities. (ECF No. 215, PageID 9333.)

Even if their claims are brought under the second clause of subsection 2 or subsection 3, an essential element of a § 1985 claim under those sections is that a plaintiff must show that the named defendant was involved in misconduct that was motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus. *See Taylor v. Streicher*, 465 F. App'x. 414, 419 (6th Cir. 2012) (addressing a claim under § 1985(2)); *Ctr. for Bio–Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007) (an essential element of § 1985(3) is "some class-based discriminatory animus behind the conspirators' action").

Plaintiffs have not provided any evidence of racial or class-based discriminatory animus by the City of Columbus. Thus, the City is entitled to

3

judgment on Plaintiffs' § 1985 claims. The City's Motion for Summary Judgment (ECF No. 214) is **GRANTED**.

### III. COURTNEY'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND CONSPIRACY CLAIMS AGAINST MICHAEL, SHANE, AND MARIA ARE DISMISSED WITHOUT PREJUDICE.

Whether to exercise supplemental jurisdiction is a matter within the sound discretion of the Court. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 729 (1966). The Sixth Circuit "applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed." *Packard v. Farmers Ins. Co. of Columbus*, 423 F. App'x 580, 584 (6th Cir. 2011). Because all of Courtney's federal claims have now been resolved, her state claims are **DISMISSED without prejudice** to re-filing in state court.

### IV. JANNINY'S DEFAULT JUDGMENT AGAINST COREY

A default judgment for liability only on Janniny's claims against Corey was previously entered. (Case no. 19-cv-5282, ECF Nos. 47, 66.) Janniny is **ORDERED** to move or file a status report on her default judgment within **14 days of this Opinion and Order**.

### V. CONCLUSION

For the reasons set forth above, the City's Motion for Summary Judgment (ECF No. 214) is **GRANTED**.

Courtney's state-law claims for Intentional Infliction of Emotional Distress and Conspiracy against Michael, Shane, and Maria are hereby **DISMISSED without prejudice**.

Janniny is **ORDERED** to move or file a status report on her default judgment (Case no. 19-cv-5282, ECF Nos. 47, 66) within **14 days of this Opinion and Order**. Janniny's filing shall be made in Case No. 19-cv-5282.

The Clerk is **DIRECTED** to terminate Case No. 19-cv-3120.

**IT IS SO ORDERED.**

    /s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**